IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**J. L. CORTER,**

      Plaintiff,

vs.                                                    Civ. No. 03-501 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Decision filed September 3, 2003. Docket No.10. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the Motion is well taken in part.

**I.  PROCEDURAL RECORD**

Plaintiff, J. L. Corter, filed an application for Social Security disability insurance on March 24, 2000. Tr. 98-100. He alleged a disability since February 29, 2000, due to back pain, sleep problems, fatigue and depression. Tr. 22, 78-80 and 86. His application was denied at the initial and reconsideration level.

The ALJ conducted a hearing on April 23, 2002. At the hearing, the Plaintiff was represented by counsel. On May 20, 2002, the ALJ issued his decision and found at step 5 that the Plaintiff was not disabled. The ALJ relying on the testimony of a vocational expert that the Plaintiff had transferable skills from skilled work previously performed found that the Plaintiff is capable of making

1

a successful adjustment to work which exits in significant numbers in the national economy.

The ALJ entered his decision on May 20, 2002.  Thereafter, the Plaintiff filed a request for review.  On April 4, 2003, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ.  Tr.8.  The Plaintiff subsequently filed his Complaint for court review of the ALJ's decision on April 28, 2003.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1994).  To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance.  Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any

step, the Commissioner finds the claimant is not disabled. see Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show: 1) he is not engaged in substantial gainful employment; 2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; 3) his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or 4) he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff was born on February 18, 1946. Tr. 98. He had four years of college but did not obtain a degree. His past work experience is as an electrician. Tr. 118.

Plaintiff underwent a consultative internal medicine examination by Dr. G.T. Davis on July 20, 2000. Tr. 189-191. On physical examination, Plaintiff had good mobility in his neck and mid back and low back. He was able to bend forward and touch his toes. Seated straight-leg raising was negative and there was no spasm or deformity in his back. Examination of the upper extremities showed good motion in the shoulders and wrists. Deep tendon reflexes were 1+ and motor and sensory functions were intact. Dr. Davis stated that "[h]is clinical examination today was essentially normal with respect to the neurological and orthopedics systems." Tr. 190. X-rays of the lumbar spine showed a two level disc space narrowing with definite degenerative disc at L5-S1. Tr. 198.

Plaintiff was examined by Dr. James Farrell of the New Mexico Arthritis Clinic on September 19, 2000. Again, the physical findings were essentially normal. Dr. Farrell found that Plaintiff had

"[p]olyarthralgias of uncertain etiology without objective findings." Tr. 251.

Repeat x-rays were taken of Plaintiff's neck and back on August 24, 2001. They showed no progressive instability of the neck and continued degenerative changes at L4-5 and L5-S1 with no instability. Plaintiff was neurologically intact in both upper and lower extremities. Tr. 253.

In September of 1999, Plaintiff had a neurology and sleep medicine consultation at UNM Hospital. Tr. 214-17. His complaint was excessive daytime sleepiness and fatigue. He was treated by Dr. Richard H. Seligman of Southwest Pulmonary Specialists from 1998 until at least October 2002. He prescribed different medications with varying success. In October of 2002 he was sleeping 7-8 hours at night and taking a 3 to 4 hour nap during the day. Tr. 312.

A sleep consultation was performed on June 18 and July 16, 2001. Dr. Tyler W. Payton, Jr. diagnosed Plaintiff with upper airway resistance and mild sleep apnea and periodic limb movement disorder with arousals. A sleep study was performed on August 8, 2001. At this time Plaintiff was using an oral appliance, Thera-Snor. He showed an overall improvement in the number of obstructive hypopneas and apneas and reduced snoring. Tr. 305-306.

## IV. DISCUSSION

Plaintiff asserts that the ALJ's decision is not supported by the substantial evidence and the ALJ did not apply the correct legal standards.

<u>Vocational expert's testimony</u>.

The Plaintiff was fifty years old on February 18, 2001. He is "closely approaching advanced age" pursuant to the social security regulations. 20 C.F.R. § 404.1563(b). At this age the regulations require the Commissioner to consider age and that it may "seriously affect his ability to adjust to a significant number of jobs in the national economy." <u>Id</u>. at 404.1563(c). The acquisition of skills

4

that are transferable to other work, however, gives a claimant "a special advantage over unskilled workers in the labor market." Soc. Sec. Ruling 82-41 (1982). Plaintiff asserts that the ALJ erred because he failed to ask the vocational expert to specify his transferable skills. "When an ALJ makes a finding that a claimant has transferable skills, he must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." Dikeman v. Halter, 245 F.3d 1182 (10th Cir. 2001). In this matter, the only transferable skills the vocational expert identified was a vague reference to "electrical knowledge." Tr. 70. This does not meet the requirement as stated in Dikeman. "Neither an occupational title by itself nor a skeletal description [of a job] is sufficient to document the claimant's acquisition of skills. Id. (citations omitted). "Job titles, in themselves, are not determinative of skill level." Id.

Moreover, the record contains little evidence of Plaintiff's transferable skills. At the hearing the ALJ made little inquiry about Plaintiff's past work. The ALJ determined that the Plaintiff had prior experience as an electrician but made little inquiry as to specific skills or duties. Tr. 37 and 39. Thus, the ALJ's finding that Plaintiff had transferable skills is not supported by substantial evidence. Roberts v. Barnhart, 36 Fed. Appx. 416, 420 (10th Cir. 2002)(Remanding stating that the ALJ "asked claimant very little of the duties of her past work and elicited very little from the vocational expert about the transferable skills she supposedly possesses.")

Credibility finding.

Plaintiff contends that the ALJ improperly discounted his subjective complaints of pain. A review of the decision demonstrates that the ALJ properly considered the evidence in the record and that substantial evidence supports the ALJ's conclusion that Plaintiff was not credible.

The ALJ stated that Plaintiff's testimony and reports of pain, along with his functional

restrictions were not supported by the evidence. The ALJ specifically found while the Plaintiff alleges severe back and joint pain, the objective findings on physical examination have been "minimal." Tr. 22. The ALJ then discussed the physical findings as described above.

The ALJ also based his credibility findings on Plaintiff's receipt of unemployment benefits. Tr. 23. Plaintiff testified that he became disabled in February of 2000 and quit working. Tr. 39. Later in his testimony, the Plaintiff stated that he was laid off from work. Tr. 52. Plaintiff further testified that he received unemployment benefits for 5 to 6 months. Id. In his decision, the ALJ wrote that "[i]n order to be eligible for unemployment benefits and (sic) individual must demonstrate that he is able and wiling to return to work if called." Moreover, Plaintiff testified he would have returned to work as an electrician if he was asked to do so. Tr. 53. Receipt of unemployment benefits is inconsistent with a claim of disability. Johnson v. Chater, 108 F.3d 178, 180-181 (8th Cir. 1997).

Thus, the Court finds that the ALJ sufficiently considered the relevant evidence in assessing Plaintiff's credibility and that substantial evidence supports the ALJ's finding that Plaintiff was not credible. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

Step 3 finding.

Plaintiff asserts that the ALJ did not considered the combined effects of Plaintiff's impairments. The ALJ must consider Plaintiff's impairments, singly and in combination. 42 U.S.C. §423(d)(2)(C). Otherwise, the decision is not supported by substantial evidence. The Court finds that substantial evidence exists to show that the ALJ considered Plaintiff's impairments in combination. The ALJ specifically stated in his decision that he reviewed Listings 1.04, 3.10 and 12.04 and made specific findings as to why the Plaintiff's impairments did not meet the listings. Tr.

22. Furthermore, the ALJ specifically discussed the objective findings regarding each impairment and that objective findings were minimal. Tr. 22. Regarding Plaintiff's sleep apnea, he referred to the record and found that two sleep studies showed that his apnea had improved. Tr. 23. In formulating his hypothetical to the vocational expert, he included all of Plaintiff's impairments that were supported by the record. Tr. 55-77. The ALJ did not err at Step 3 and his finding is supported by the substantial evidence.

As this case is going to be remanded, the Court advises the Commissioner that she should review in more detail the evidence regarding Plaintiff's obstructive sleep apnea. The ALJ relied on two sleep studies in discounting Plaintiff's allegations that he needs numerous rest breaks during the day. However, in doing do, the ALJ rejected other evidence of persistent daytime sleepiness. This evidence should be discussed in more detail. Clifton v.Chater, 79 F.3d 1007 (10th Cir. 1996).

Finally, Plaintiff requests that the Court to recommend to the Commissioner that another ALJ be assigned to this matter. The Court declines to do so.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is granted for proceedings consistent with this memorandum opinion and order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**